Baker v. Kellogg.

WILLIAM R. BAKER AND ANOTHER v. CHARLES KELLOGG.

The proper diligence to obtain the evidence of a witness who resides in another county, is to make an effort in good faith to have his testimony taken by commission; there was no attempt to show special circumstances, requiring the actual presence of the witness.

An affidavit, on a first appplication for a continuance, that the defendant cannot go safely to trial for want of the testimony of certain witnesses, (naming them and stating their residence in an adjoining county,) for whom subpoenas have been duly issued; that due diligence has been used to procure the attendance of said witnesses at this Term of Court; that the witnesses, Chamberlain and Murs, upon whom defendant mostly relies, are now so much indisposed as to render it impossible to procure their attendance, otherwise they would be present; said witnesses are now absent, but not with the consent or procurement of the defendant; defendant expects to pro-

cure the testimony of said witnesses by the next Term of Court; this affi-
davit is not made for delay, but that justice may be done; Held, insufficient.
Since, under the rule of the Court, subpoenas are not copied into the record,
the party complaining of the refusal of the Court to grant a continuance on
account of the absence of a witness, ought to show by his bill of exceptions,
that he had been diligent in taking out a subpoena, &c.

Appeal from Galveston. Tried before the Hon. Nelson H.
Munger.

Suit on a promissory note. Answer, of failure of considera-
tion. The application for a continuance was made at the first
Term after service. There was a bill of exceptions to the
ruling on the application for a continuance, but it contained
nothing respecting the same, except the affidavit, ruling and
note of exception. The affidavit will be found in the second
paragraph of the synopsis.

*P. C. Tucker*, for appellants.

*D. D. Atchison*, for appellee.

WHEELER, J. The affidavit for a continuance states no
other diligence than simply the issuing of a subpoena. The
witnesses residing in another county, their depositions might
have been taken. " Due diligence " is required : and that, of
course, implies that the party has used the means which the
law provides. The issuance of a subpoena, merely, was not
sufficient, when the witnesses resided in a different county.—
Besides, it does not appear that the subpoena was issued in
time, even if that were sufficient. Since, under the rule of the
Court, subpoenas are not copied into the record, the party
complaining ought to show, by his bill of exceptions, that he
had been diligent in taking out subpoenas, as every presump-
tion is with the judgment.

Judgment affirmed.